```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

STEVEN M. HUNTER,

      Petitioner,

v.                                  Civil Action No. 5:12CV101
                                              (STAMP)

TERRY O'BRIEN,

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING THE REPORT**
**AND RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

    The petitioner, Steven Hunter ("Hunter" or "petitioner"), a federal inmate incarcerated at USP Hazelton, West Virginia ("Hazelton"), filed this pro se[1] petition under 28 U.S.C. § 2241 on July 6, 2012. In his petition, Hunter argues that the Bureau of Prisons ("BOP") has improperly assigned him a management variable of "greater security," which has caused him to be housed in a high security facility rather than a medium security prison. As a further result of this allegedly improper management variable, he has also been denied the opportunity to participate in the Residential Drug Abuse Program ("RDAP") and the BOP's Challenge Program. The respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment, and the petitioner has responded.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 2, et seq., this case was referred to United States Magistrate Judge John S. Kaull for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Kaull issued a report and recommendation which recommends that the respondent's motion to dismiss be granted, and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections to some, but not all, of the magistrate judge's findings.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because objections have been filed in this case, this Court will undertake a de novo review of the magistrate judge's findings to which the petitioner has objected, and will

review for clear error the magistrate judge's findings to which the petitioner has not objected.

III. Discussion

The petitioner is currently serving a 31 year sentence as a result of a 1996 conviction in the Superior Court for the District of Columbia. After a jury trial, the petitioner was found guilty of assault, first degree burglary, assault with a dangerous weapon, aggravated assault while armed, and possession of a firearm during a crime of violence or dangerous offense. Hunter has been an inmate at Hazelton, a high security institution, since January 17, 2012. This designation was a result of the BOP's 2009 decision to classify Hunter as requiring high security due in part to his public safety factor classification of "greater security." The petitioner argues that this classification was and continues to be erroneous because the BOP failed to follow its own policy because he was never given a Unit Disciplinary Committee/Disciplinary Hearing Officer finding of guilt, and no other factor would justify a management variable of greater severity.

In addressing this contention, the magistrate judge outlined the BOP's inmate classification system (see ECF No. 33 *10) and found that the BOP staff had properly and appropriately designated Hunter as a maximum custody level inmate.[2] The magistrate judge

---

[2]The magistrate judge initially considered and rejected the respondent's assertion that the petition should be dismissed because the petitioner failed to exhaust his administrative remedies. Because the magistrate judge's findings on exhaustion seem to be clearly correct, and because this Court agrees with the

3

noted that the classification was based upon the petitioner's detainer status, the seriousness of both his prior and current convictions, and the level of violence involved in his crime. The magistrate judge also noted that the BOP specifically recognized that the petitioner's prior history included assault with a dangerous weapon and that his most recent offense included beating a victim with a gun and shooting a victim while the victim was in bed. In objection, the petitioner again argues that BOP officials, specifically those at Hazelton, have violated BOP Policy Statement 5100.08 because the management variable of "greater severity" was placed upon him without reason. He argues that he is entitled to a lesser security transfer "were [sic] petitioner only have 17 points, and have receive [sic] no disciplinary infractions within the past 36 plus months." This argument simply restates the petitioner's original argument, and fails to recognize the record evidence as to his classification.

As explained at length by the magistrate judge, BOP Policy Statement 5100.08, which provides policy and procedure for the BOP inmate classification system, allows Bureau staff to utilize their professional judgment regarding an inmate to create a management variable "to ensure the inmate's placement in the most appropriate institution. A Management Variable(s) is required when placement has been made and/or maintained at an institution level

---

magistrate judge that the petitioner's claims fail on the merits, exhaustion will not be considered in this opinion.

inconsistent with the inmate's security score." P5100.08, Ch. 3 P. 3. Accordingly, under the policy statement, BOP staff may place a greater management variable on any inmate who, in their professional judgment, requires greater security than is reflected in their general classification level. While the petitioner argues that such a variable was placed upon him without reason or for some discriminatory reason, he has provided no evidence or factual argument to suggest that the BOP officials' judgment used to place this greater security designation was at all arbitrary or discriminatory. In fact, as the magistrate judge indicated, and this Court agrees, the record supports a finding that a greater security management variable for this defendant was indeed appropriate and well within the reasonable judgment of the BOP, as the petitioner's criminal record contains extensive evidence of serious and violent behavior.

Additionally, even if the BOP had violated its policy statement in the petitioner's classification, the magistrate judge correctly found that any error by the BOP in this regard is not reviewable by this Court through a petition under 28 U.S.C. § 2241, because it does not rise to the level of a due process violation. Federal inmates do not possess a protected liberty interest in proper security classification, <u>Posey v. Dewalt</u>, 86 F. Supp. 2d 564, 571 (E.D. Va. 1999), and such decisions are left entirely to the discretion of prison officials. <u>See</u> <u>Slezak v. Evatt</u>, 21 F.3d 590 594 (4th Cir. 1994). Accordingly, any violation of the

prison's own policy is not reviewable by this Court. The petitioner did not object to the magistrate judge's finding in this regard, and this Court does not find it to be in clear error.[3]

## IV. Conclusion

As a result of the foregoing, the report and recommendation of the magistrate judge (ECF No. 33) is AFFIRMED and ADOPTED in its entirety. The petitioner's objections are OVERRULED. The respondent's motion to dismiss or, in the alternative, for summary judgment (ECF No. 22) is GRANTED. Accordingly, Hunter's petition filed pursuant to 28 U.S.C. § 2241 is DENIED. It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

As to the issues and findings of the magistrate judge to which the petitioner filed objections, should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing

---

[3]This Court will not address the petitioner's arguments regarding his inability to participate in RDAP and the Challenge Program as a result of his security classification. As the magistrate judge notes, the petitioner admits that he has now been admitted to the Challenge Program, and in the petitioner's objections, he has withdrawn his claims requesting admission to RDAP.

6

of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).  Upon review of the record, this Court finds that the petitioner has not made the requisite showing.  Accordingly, the petitioner is DENIED a certificate of appealability. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Further, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, as to the issues and findings of the magistrate judge to which the petitioner failed to object, the petitioner is barred from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:  August 13, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE